UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

CECILIA FONTENOT ET AL.                 CASE NO.  2:22-CV-00023

VERSUS                                  JUDGE JAMES D. CAIN, JR.

STATE FARM FIRE & CASUALTY CO           MAGISTRATE JUDGE KAY
ET AL.

## MEMORANDUM RULING

Before the court is a Motion to Dismiss for Failure to State a Claim, filed under

Federal Rule of Civil Procedure 12(b)(6) by defendant American Advisors Group, Inc.

("AAG"). Plaintiffs Cecilia and Marcus Fontenot oppose the motion. Doc. 17.

## I.
### BACKGROUND

This suit arises from damage that plaintiffs sustained to their home in Calcasieu

Parish from Hurricane Laura and Hurricane Delta, which both struck Southwest Louisiana

during the 2020 hurricane season. At all relevant times plaintiffs had in place a

homeowner's policy with State Farm Fire and Casualty Company. They sought

reimbursement through this policy but allege that State Farm has failed to timely and

adequately compensate them for all covered losses. They also allege that their mortgagee,

AAG, who was named as additional payee on payments made by State Farm, has withheld

these funds subject to arbitrary repair completion thresholds to which plaintiffs never

agreed in their mortgage contract Accordingly, they filed suit in this court on January 5,

2022, against AAG and State Farm. Doc. 1. Plaintiffs raise claims of breach of insurance

contract and bad faith against State Farm, and claims of breach of contract and conversion against AAG. *Id.*

AAG now moves to dismiss the claims against it, arguing that the plaintiffs have not pled sufficient facts to support their conclusions. Doc. 15. Plaintiffs oppose the motion. Doc. 17. In the alternative, they request leave to amend the complaint and cure any deficiencies identified by the court. *Id.*

## II.
### LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

These motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success

but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## B. Application

At issue here are the terms of the Adjustable Rate Home Equity Conversion Mortgage issued by plaintiffs to AAG in 2017. *See* doc. 15, att. 1. Under Paragraph 3 of this contract, borrowers (plaintiffs) are required to insure the property against any hazards for which lender (AAG) requires insurance. *Id.* at 9. The paragraph continues, in relevant part:

> In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company is hereby authorized and directed to make payment for such loss to Lender instead of to Borrower and Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened.

*Id.* at 9–10.

Plaintiffs allege generally that State Farm made unconditional tenders for damage to the dwelling, but that AAG "converted the Complainants' insurance monies and held them in certain accounts" and "refused to release repair money unless Complainants met arbitrary completion thresholds that were never agreed to by the Complainants in their mortgage contract." Doc. 1, ¶¶ 37–38. As shown above, however, the mortgage contract authorizes payment to AAG instead of plaintiffs and requires that the money "be applied to restoration or repair[.]" Plaintiffs' allegations are too vague for the court to determine whether any conditions imposed on the release of funds were unrelated to this purpose, so as to amount to a breach of contract and/or conversion. Accordingly, the court will dismiss

the claims without prejudice to plaintiffs' ability to amend the complaint and cure the deficiencies within two weeks of this ruling.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 15] will be **GRANTED** and the claims against AAG will be **DISMISSED**, without prejudice to plaintiffs' right to amend their complaint within two weeks of this ruling and cure the deficiencies cited above.

**THUS DONE AND SIGNED** in Chambers on this 22nd day of March, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**