UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CECILIA FONTENOT ET AL**    CASE NO. 2:22-CV-00023

**VERSUS**    JUDGE JAMES D. CAIN, JR.

**STATE FARM FIRE & CASUALTY CO ET AL**    MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the Court is a "Second Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)" [Doc. 24] filed by defendant American Advisors Group, Inc. ("AAG"). Plaintiffs Cecelia and Marcus Fontenot oppose the motion [Doc. 30].

## BACKGROUND

This suit arises from damage that plaintiffs sustained to their home in Calcasieu Parish from Hurricane Laura and Hurricane Delta, which both struck Southwest Louisiana during the 2020 hurricane season. At all relevant times plaintiffs had in place a homeowner's policy with State Farm Fire and Casualty Company. They sought reimbursement through this policy but allege that State Farm has failed to timely and adequately compensate them for all covered losses. They also allege that their mortgagee, AAG, who was named as additional payee on payments made by State Farm, has withheld these funds subject to arbitrary repair completion thresholds to which plaintiffs never agreed in their mortgage contract Accordingly, they filed suit in this court on January 5, 2022, against AAG and State Farm. Doc. 1. Plaintiffs raise claims of breach of insurance

1

contract and bad faith against State Farm, and claims of breach of contract and conversion against AAG. *Id.*

In response to plaintiffs' original petition, AAG filed a motion for dismissal under Federal Rule 12(b)(6), asserting that insufficient facts had been pled. This Court issued a Memorandum Ruling [Doc. 19] granting AAG's motion, giving plaintiffs time to amend. In response, plaintiffs filed their First Amended Complaint [Doc. 23] making additional allegations. AAG now moves for a Second Motion to Dismiss, arguing that the plaintiffs have not pled sufficient facts to support their conclusions [Doc. 24].

## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

These motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

At issue here are the terms of the Adjustable Rate Home Equity Conversion Mortgage issued by plaintiffs to AAG in 2017. *See* doc. 24, att. 3. Under Paragraph 3 of this contract, borrowers (plaintiffs) are required to insure the property against any hazards for which lender (AAG) requires insurance. *Id.* at 3. The paragraph continues, in relevant part:

> In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company is hereby authorized and directed to make payment for such loss to Lender instead of to Borrower and Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened.

*Id.* at 3-4.

Plaintiffs argue that mortgage companies have a duty to act in good faith and to cooperate with their mortgagees in releasing the repair funds. Doc. 30. Plaintiffs assert that this should mean that AAG has an obligation to act in good faith and to cooperate with claimants by "… releasing funds in a timely manner to replace or repair the damaged property." La. R.S. 6:337. As such, Plaintiffs allege that AAG has not asserted that there were good grounds to withhold additional funds and that they are acting arbitrarily and without just cause.

3

AAG asserts that to date, at least 78% of the proceeds have been released and the repairs are still ongoing. As such, 78% of the proceeds being released is not a refusal to apply insurance proceeds. AAG maintains that it has remained in compliance with the language in the mortgage contract. AAG further argues that there is no language in the mortgage contract that states that all funds must be immediately released at once or anything to such affect, and the Plaintiffs have failed to point out in their complaint any language that supports any potential breach of contract or wrongdoing by AAG.

The Court finds that the mortgage authorized AAG to receive the insurance proceeds and to apply the proceeds to the restoration and repair of the property. As such, the allegations against AAG for conversion, breach of contract, ad other bad acts do not give rise to a cause of action and do not meet the pleadings standards required to plead a cause of action. Accordingly, the Court will dismiss the Plaintiffs' claims against AAG pursuant to Rule 12(b)(6).

## CONCLUSION

For the reasons stated above, the Motion to Dismiss [Doc. 24] will be **GRANTED** and the claims against AAG will be **DISMISSED** with prejudice.

**THUS DONE AND SIGNED** in Chambers this 15th day of June, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**